IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-425 |
| KEN PAXTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Leon Summers, an inmate previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

This civil rights action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a Motion for Temporary Restraining Order and for Preliminary Injunction. (Doc. #18.)  This Report and Recommendation considers the merits of the Motion.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements:   (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *Lakedreams v.*

*Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363.

In his Motion, Plaintiff alleges his constitutional rights were being violated at the Gib Lewis Unit, where Plaintiff was assigned at the time he filed the Motion. Plaintiff was subsequently transferred to the Jester III Unit. Plaintiff has not demonstrated that the named defendants in this action were involved in the incidents at the Gib Lewis Unit or currently pose a threat to him at the Jester III Unit. Because Plaintiff has not shown a substantial threat of irreparable harm, his motion for injunctive relief should be denied. If Plaintiff wishes to pursue claims against prison officials at the Gib Lewis Unit, he should do so by filing a separate civil rights action.

## Recommendation

Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE