IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-425 |
| KEN PAXTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Leon Summers, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Bryan Williams, Warden Anthony J. Newton, Warden Kevin B. Smith, Major Alonzo W. Turner, Captain David Turrubiate, Jr., Captain Damien J. Coleman, Executive Director Bryan Collier, Oscar Mendoza, Laura Davis, Marvin Dunbar, and Dr. Lanette Linthicum. Plaintiff has not paid the filing fee. Therefore, it appears that he intends to proceed *in forma pauperis*.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has an extensive history of litigation, including filing more than seventy civil rights actions in the Eastern District of Texas. Section 1915(g) applies to this action because at least three of those prior lawsuits or appeals have been dismissed as frivolous.[1] As a result, Plaintiff may not bring this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884-5 (5th Cir. 1998) (revoking the plaintiff's *in forma pauperis* status after determining that he was not in imminent danger at the time he filed his notice of appeal). Allegations of past threats and assaults are insufficient to show the plaintiff was in imminent danger at the time he filed his complaint. *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011). Rather, the plaintiff must show that he is in imminent danger based on events that "implicate specific ongoing harm" at the time he filed the action. *Clay v. State Classification Dep't of TDCJ*, No. 22-40507, 2023 WL 2586325 at *2 (5th Cir. Mar. 21, 2023) (unpublished). To meet his burden of showing that he is in imminent danger, the plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent, serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet the plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998); *see also Floyd v. Lumpkin*, No. 22-40693, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023) (holding that conclusory and speculative allegations of possible future violence are insufficient to demonstrate a "genuine impending emergency").

---

[1] *Summers v. Unidentified Party*, Civil Action No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous); *Summers v. Gibson*, Civil Action No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, Civil Action No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous and for failure to state a claim); *Summers v. White*, Civil Action No. 1:02cv797 (E.D. Tex. Dec. 19, 2002) (dismissed as frivolous).

Plaintiff makes vague allegations concerning conditions of confinement, inadequate medical care, racial discrimination, retaliation, assaults, and the failure to provide Plaintiff with accommodations for his disabilities. (Doc. #2.)[2] The allusions to abusive conduct and the denial of medical care for serious medical needs are troubling, but it is impossible to determine from Plaintiff's conclusory allegations when these incidents occurred, which Defendants, if any, were involved in the abusive conduct, and whether Plaintiff was the victim of any such conduct.[3] These allegations are all conclusory, and are not supported by specific facts from which the court could conclude that Plaintiff was in imminent harm at the time he filed this action. Accordingly, Plaintiff is barred from proceeding *in forma pauperis*.

## Recommendation

Plaintiff should be denied leave to proceed *in forma pauperis*. The action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), unless Plaintiff pays the full $402 filing fee within fourteen days.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

[2] Plaintiff filed an Amended Complaint (doc. #2), which is the live pleading in this action. In his Amended Complaint, Plaintiff dropped his claims against Ken Paxton and other Defendants. Plaintiff also filed a Motion to Amend Complaint (doc. #24), which concerns claims that took place after his First Amended Complaint was filed. Because the claims in the Motion to Amend are unrelated to the claims at issue in this action, and are similarly vague, the Motion to Amend Complaint should be denied.

[3] In an effort to determine whether Plaintiff raised arguably meritorious claims that met his burden of demonstrating that he was in imminent danger, the Office of the Attorney General was ordered to prepare and file an administrative report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff filed objections to the *Martinez* report. Therefore, the court relies solely on the allegations in Plaintiff's Amended Complaint.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE